HUGHES, J.,
would deny the writ and assigns reasons.
hln this case there was no abandonment, no concealment, no flight, no exigency, and no connection to the crime supposedly being investigated. “Propinquity” to one suspected crime not supported by any evidence does not provide probable cause to search for a new, unknown crime.
Police observed a supposed drug transaction between Whittington and a sedan but there is no evidence of this crime before us. Instead, we have the defendant, whom the state admits was not involved in the transaction, setting down a drink-in-a-bag on his own porch. This is not criminal activity, nor is it evidence of the observed transaction involving others that was being investigated. Defendant’s actions are described in the per curiam as an attempt to “hide” or “conceal” the bag, but the bag is also described as “discarded” or “abandoned,” inconsistent conclusions not supported by the facts.
Defendant has a reasonable expectation of privacy in his own home. The fact police may not know who owns a home does not negate the need for probable cause to search it. Lawful activity on one’s own property does not provide an exception to the warrant requirement. The rationale of this court’s per 12curiam only makes sense if the bag had been placed on the porch by Whittington, not the defendant.
Nor was there any “exigency.” There was no flight, no crime in progress, and no issue of officer safety. The defendant was standing in his front yard.
The beverage can in a brown paper bag, a common occurrence, was in no wise connected to the observed suspected criminal transaction between Whittington and the sedan. There is no evidence of any transfer between Whittington and the defendant. We have here not the preservation of evidence of the suspected crime involving Whittington and the sedan, but rather an unwarranted seizure leading to the discovery of a new, unknown crime. Discovery of the contents of the bag after a warrantless search cannot be added to the “totality of the circumstances” in order to justify the search. If the officers somehow suspected the bag on the porch was in some way connected to the transaction they observed between Whittington and the sedan, they should have asked those questions first, before simply seizing the defendant’s drink off his porch. The ends do not justify the means.
I respectfully dissent and would deny the writ, as the rulings of the trial court and court of appeal appear correct.